# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0835 | **DATE** | March 8, 2012 |
| **CASE TITLE** | Garcia Harris (#N-61256) v. Tyrone Jackson, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The trust officials at Plaintiff's place of confinement shall collect monthly payments from Plaintiff's account as described below. The Clerk shall send a copy of this order to the resident trust office at Centralia Correctional Center to facilitate compliance. However, City of Chicago, Jody Weis, and Renell Hightower are dismissed as Defendants. The Clerk shall issue summonses to Defendants Tyrone Jackson, Judith Cortez, Kelly McBride, John Sonley, John Thill, Saul Rodriguez, and Clarence Jordan, and the U.S. Marshal is directed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [#4] is denied.

■ [**For further details see text below.**]  **Docketing to mail notices.**

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendant Tyrone Jackson, a building security guard at 5431 S. Michigan Avenue, Chicago, Illinois, subjected him to excessive force on arrest on February 2, 2010, that Chicago Police Officers who were present when he was arrested failed to protect him from the force used by Jackson, that Defendant Hightower completed an investigation of the arrest and the force used that failed to protect Plaintiff's rights, and that Former Police Superintendent Weis and the City of Chicago generally participate in a cover-up of police misconduct that results in police officers never being disciplined for wrong-doing. More specifically, Plaintiff alleges that Defendant Jackson struck him in the head, neck shoulders and face with a collapsible baton. He further alleges that as a result of the beating he suffered a broken tooth and lacerations to his lip. Plaintiff alleges that Jackson, a security guard was assisting the Defendant police officers in his arrest.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $4.02. The inmate trust office at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Centralia inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds **(CONTINUED)**

AWL

| STATEMENT |
|---|

that the complaint states a colorable cause of action under the Civil Rights Act against Defendant Jackson for excessive use of force. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). With respect to Plaintiff's claims against defendant Jackson, the Court notes that the police report attached to Plaintiff's complaint establishes that Defendant Jackson, a private security guard, assisted Chicago Police Officers in placing Plaintiff in custody. *See* Plaintiff's complaint, Exhibit B. The Seventh Circuit Court of Appeals has held that § 1983 while generally employed against government officers, authorizes its use against private individuals who exercise government power; that is, those individuals who act "under color of state law." *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 628 (7th Cir. 1999). A private party will be deemed to have acted under "color of state law" when the state either (1) "effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision"; or (2) "delegates a public function to a private entity." *Johnson v. LaRabida Children's Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004), *citing Payton*, at 628. For purposes of initial review, the Court finds that Plaintiff has sufficiently stated that Defendant Jackson was a state actor, and may proceed on this claim.

Additionally, Plaintiff has stated a colorable cause of action under the Civil Rights Act against Defendants Cortez, McBride, Sonley, Thill, Rodriguez, and Jordan, for failure to protect. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005), *citing Farmer v. Brennan*, 511 U.S. 825, 832,(1994). While a more fully developed record may belie the Plaintiff's allegations, these Defendants must respond to the complaint.

However, Plaintiff's claims against the City of Chicago, Jody Weis, and Defendant Hightower must be dismissed. A municipality cannot be held liable for a constitutional violation in the absence of a custom, policy or practice that effectively caused or condoned the alleged constitutional violations. *See, e.g., Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999); *Phelan v. Cook County*, 463 F.3d 773, 789 (7th Cir. 2006); *Monell v. Dep't. of Soc. Serv. of City of New York*, 436 U.S. 658, 694 (1978). In the case at bar, Plaintiff does not state facts that there was an unconstitutional municipal policy or custom, ha merely states it as a legal conclusion. There is, therefore, no basis for liability on the part of the City of Chicago.

Plaintiff does allege a failure to train claim against Defendant Weis, but in this he fails as well. The Supreme Court has stated that under limited circumstances, a municipality's failure to train may amount to an official custom or policy that can serve as the basis for liability under § 1983. *City of Canton v. Harris*, 489 U.S. 378, 387, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). Establishing municipal liability on the failure to train requires proof of "deliberate indifference" to the rights of persons likely to come in contact with the municipality's employees. *Id.* at 388. The Seventh Circuit Court of Appeals has held that such proof can take the form of either "(1) failure to provide adequate training in light of foreseeable consequences; or (2) failure to act in response to repeated complaints of constitutional violations by its officers." *see Rome v. Meyers*, 353 Fed. Appx. 35, 36-37 (7th Cir. 2009), *citing Sornberger v. City of Knoxville*, 434 F.3d 1006, 1029-30 (7th Cir. 2006). Plaintiff has alleged one, discreet instance of deliberate indifference against a group of officers. He has failed to allege a custom and policy sufficient to state a claim for failure to train. Consequently, his claims against Defendant Weis are dismissed.

Plaintiff's claims against Defendant Hightower imply a claim for denial of access to the courts because Defendant Hightower's investigation was inadequate and untimely. When police officers conceal or obscure important facts about a crime from its victims rendering hollow the right to seek redress, constitutional rights are undoubtedly abridged. *See Celafu v. Village of Elk Grove*, 211 F.3d 416, 422-23 (7th Cir. 2000). However, "not every act of deception in connection with a judicial proceeding gives rise [to a constitutional action]." *Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995). Instead, Plaintiff must establish that the alleged conspiracy and concealment was to some extent successful in that it prevented him from pursuing his legal actions, contributed to the failure of those actions, or reduced the value of his actions. *Id.* at 328-29 (an attempt to cover up police wrongdoing which succeeded only in briefly hiding the facts from plaintiffs, which ultimately neither prevented
**(CONTINUED)**

| STATEMENT |
|---|

plaintiffs from pursuing relief nor reduced the value of their claim, was not actionable under § 1983); *Gibson v. City of Chicago*, 910 F.2d 1510, 1523-24 (7th Cir. 1990). As Plaintiff has advanced his claims, he cannot establish that any concealment on behalf of Hightower kept him from pursuing legal action. Consequently, Plaintiff states no claim against Defendant Hightower and he must be dismissed as a Defendant.

The Clerk shall issue summonses for service of the complaint on Defendants Jackson, Cortez, McBride, Sonley, Thill, Rodriguez, and Jordan (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If any Defendant can no longer be found at the work address provided by Plaintiff, the Cook County Jail shall furnish the Marshal with that Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Plaintiff has submitted a motion for appointment of counsel. The motion is denied, without prejudice to later renewal. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Plaintiff has alleged no disability that might preclude him from pursuing the case adequately on his own. Neither the legal issues raised in the complaint, nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney appears to be necessary, at least not at this time. The Court also notes that judges give *pro se* litigants wide latitude in handling their lawsuits. Plaintiff may renew his request, if he wishes, after Defendants respond to the complaint.

*James F. Holderman*